{¶ 18} I agree with my colleagues that the trial judge should have discretion in deciding whether to excuse a potential juror for cause. Because the trial judge is able to observe the juror and gain insight from the juror's demeanor, physical reactions, tone, etc. reviewing courts should afford deference to these types of "you had to be there" decisions. However, discretion may be broad, but it rarely is unlimited. The essence of discretionary decision-making is the power to choose from a number of acceptable options. As long as the choice lies within the spectrum of decisions that are deemed acceptable, reviewing courts should not interfere or second guess. But reviewing courts may freely define the range of acceptable choices, as setting the boundaries of discretion lies within the province of appellate review. Trial courts exercise discretion; appellate courts define it. See generally, Davis, "Standards of Review: Judicial Review of Discretionary Decision Making," Journal of Appellate Practice and Process, Vol. 2 (Winter 2000), and Rosenberg, "Judicial Discretion of the Trial Court, View from Above," 22 Syracuse Law Review, (1971).
 {¶ 19} In this instance, the trial court chose not to excuse a juror whose wife had a physician/patient relationship with a named defendant doctor. This juror also had a daughter who was an employee of the clinic. Notwithstanding the juror's professed impartiality, the appearance of or potential for bias looms so large here that seating such a juror seems outside the range of acceptable choices to me. Thus, I dissent.